# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| COOLING TOWERS SYSTEMS, INC. and JOE COATES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:18-CV-76 (MTT) |
| VICTORIA REGINA HADLEY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiffs Cooling Towers Systems, Inc. and Joe Coates, have moved to remand this case to the Superior Court of Bibb County, arguing that this Court lacks subject matter jurisdiction. Doc. 5.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." Federal question original jurisdiction exists if the dispute "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal bears the burden of establishing federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted). Any uncertainties should be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted) *superseded by statute on other grounds as stated by Burnett v. Regions Bank*, 2016 WL 1644182 (M.D. Fla. 2016).

On June 8, 2017, the Plaintiffs brought claims for conspiracy, fraud, conversion, financial transaction fraud, theft by deception, breach of fiduciary duty, breach of contract, abusive litigation, and fraud on the court against the Defendants in the Superior Court of Bibb County. *See generally* Doc. 1-2. Defendant Amanda Malphurs removed to this Court, claiming that the Court has original jurisdiction over the action because:

> (a) [T]hese claims depend on the resolution of a substantial and controlling federal question as an essential element of their claims for relief, *i.e.*, whether the jury's findings and the subsequent judgment in *Malphurs v. Cooling Tower Systems Inc. and Joe Coates*, 5:13-cv-443-MTT (U.S.D.C. – M.D. Ga. June 10, 2016)—after nearly three years of litigation, a trial, and an appeal in federal court—were the result of fraud; (b) defendant Malphurs will prevail based on the effect that Fed. R. Civ. P. 60—which governs post-trial claims that a judgment was the result of fraud—has on plaintiffs' claims in this action; and (c) the federal issue here regarding the validity of a prior federal judgment between the same parties is a substantial and serious one that must be resolved in a federal forum.

Doc. 1 ¶ 10. Malphurs continued that the "Court has supplemental jurisdiction over the [P]laintiffs' Georgia state-law claims against defendant Malphurs regarding defendant Victoria Regina Hadley . . . as those claims are 'so related' to [the P]laintiffs' federal-law claims that 'they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* ¶ 11 (citation omitted). Defendant Victoria Regina Hadley consented to the removal. Doc. 1-3.

The Plaintiffs move to remand because "this case is not subject to this Court's original jurisdiction," and "they have decided to and intend to dismiss this action but . . . may not do so because of the removal . . . because this Court does not have jurisdiction." Doc. 5 ¶ 3-6. Indeed, the fact that the Plaintiffs' claims relate to a case this

Court heard does not mean that those claims "depend on the resolution of a substantial and controlling federal question as an essential element of their claims for relief." Doc. 1 ¶ 10. Further, Defendant Malphurs, whose appearance in the previous federal action supplied the alleged federal question, has been dismissed from this case. Doc. 7. Accordingly, even if the Defendants' theory of original jurisdiction were correct, it appears to no longer be operative. Because it is not facially apparent from the complaint that the case implicates a federal question, the Defendants must otherwise prove that it does. But the Defendants have not responded to the motion or otherwise shown that this Court has jurisdiction to hear this case.

Accordingly, the Defendants have not shown that the Court has subject matter jurisdiction to hear this case, and the Plaintiff's motion to remand (Doc. 5) is **GRANTED**. The case is **REMANDED to the Superior Court of Bibb County**. The Plaintiffs' motion to withdraw as attorney (Doc. 8) is accordingly **DENIED as moot**.

**SO ORDERED**, this 30th day of April, 2018.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT